# UNITED STATES DISTRICT COURT

# DISTRIST OF MASSACHUSETTS

|                                |     |                               |
|--------------------------------|-----|-------------------------------|
|                                | )   |                               |
| UNITED STATES OF AMERICA        | )   |                               |
|                                | )   |                               |
| v.                             | )   | CRIMINAL NO. 04-30046-MAP     |
|                                | )   |                               |
| THEODORE JARRETT, et al.        | )   |                               |
| _____ | )   |                               |

### DEFENDANT JARRETT'S MOTION FOR FURTHER DISCOVERY OF EXCULPATORY INFORMATION AND MATERIAL

Defendant Theodore Jarrett ("Defendant" or "Mr. Jarrett") moves, pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16"), Local Rule 116.3(G) and Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, for further discovery of exculpatory information and other material.  Defendant has previously complied with Local Rule 116.3(A) and now files this motion because the government has either not provided the information below, or provided information without sufficient specificity to allow Mr. Jarrett adequately to prepare for trial.

### A.      Exculpatory Information Pursuant to Local Rule 116.2(B)(1)

1.      The government has provided copies of plea agreements with the U.S. Attorney's office, executed by Elliott Beals ("Beals") and George Petropolous ("Petropolous").  Please provide documents reflecting any promises, rewards or inducements made to Beals and/or Petropolous in relation to the signing of each such agreement.  Additionally, please provide the following: (i) a copy of any report(s) containing any proffers made by Beals or Petropolous; and (ii) all documents relating to any promises, rewards or inducements made to Beals or Petropolous by any representative or agent of the government as a result of any proffer made.  In

-1-

addition, please state any oral promises, rewards or inducements offered to Beals or Petropolous in connection with this Investigation.

2.      Please state whether Beals, Petropolous or any other witnesses have received any money, any financial instrument (including but not limited to the use of a credit card) or goods from the government or from any government agent, whether or not acting with government approval, in any way relating to the witnesses participation in this Investigation.

3.      All promises of leniency or declinations of prosecution for any persons related by blood or marriage to Beals, Petropolous, or any individual related to the Investigation of this case.

4.      All promises of leniency or declinations of prosecution for any individuals related to the Investigation of this case.

5.      Evidence of threats against any witnesses or persons related by blood or marriage to any witnesses.

### B.      Exculpatory Information Pursuant to Local Rule 116.2(A)(2)

While Defendant understands that Local Rule 116.2(A)(2) provides for the production of certain categories of exculpatory information not later than twenty-one (21) days before the trial date established by the judge who will preside, under the principles articulated in United States v. Snell, 899 F. Supp. 17 (D. Mass. 1995), Defendant nonetheless specifically requests disclosure of the following categories of exculpatory information at the government's earliest possible convenience.

1.      Information Concerning Veracity, Credibility and Motivation of Anticipated Government Witnesses:  Please provide a full and complete statement of any information tending to cast doubt on any potential government witness's veracity or credibility, including any

motivation to lie, provide incomplete or inaccurate information, or shade the truth, or any bias, prejudice, grudge or animus against the defendants. This request includes a complete statement of any information and related documentation about examinations, including polygraphs, that concluded, in whole or in part, that any potential government witness or informant was not telling the truth as to any answer, that the witness appeared not to be telling the truth as to any answer, or that the examination could not reveal whether or not the witness was telling the truth.

2.    Information Concerning Poor Memory of Government Witnesses:  Please provide a full and complete statement of any information and related documentation tending to show the poor, incomplete, enhanced, or inaccurate memory of any potential government witness, including all statements by the witness or any other person regarding the quality of the witness's memory in general and with respect to the events at issue in the indictment.

3.    Prior or Subsequent Inconsistent Statements of Government Witnesses:  Please provide a full and complete statement and related documentation of any statement, made orally or in writing, of any potential government witness, which is inconsistent with any other statement of that witness, whether or not made to a government agent, which is in the government's custody or control or can be obtained through reasonable diligence.

4.    Prior or Subsequent Inconsistent Statements of Any Person:  Please provide a full and complete statement and related documentation of any statement, made orally or in writing, by any person that is inconsistent with any statement made orally or in writing by any potential government witness, whether or not made to a government agent, which is in the government's custody or control or can be obtained through reasonable diligence.

5.    Treatment Information Affecting Credibility or Accuracy of Government Witnesses:  Please provide a full and complete statement of any treatment of any anticipated

government witness for drug abuse, alcoholism, or physical, mental, visual or psychiatric disease, defect, disorder, condition, limitation or impairment, including the identity of the treating physician and treatment facility, the dates of such treatment and all records relating to such treatment, which are in the government's custody, possession or control or can be obtained through reasonable diligence.  In addition, please provide a full and complete statement and related documentation, if any, indicating whether any potential government witness suffered from alcohol or drug abuse which may have affected the witness's judgment, perception or memory.

6.      <u>Fed. R. Evid. 608(b) Evidence</u>:  Please provide a full and complete statement of any conduct that may be admissible under Federal Rule of Evidence 608(b), known to the government or discoverable through reasonable diligence, to have been committed by any anticipated government witness.

7.      <u>Prosecutable Federal Offenses Committed by Government Witnesses</u>:  Please provide a full and complete statement of any prosecutable federal offenses known by the government or discoverable through reasonable diligence, to have been committed by any anticipated government witness, including any potential crimes in addition to those set forth in the plea agreements allegedly committed by Beals, Petropolous or any other indicted or un-indicted co-conspirator.

**C.      <u>Specific Requests for Evidence Casting Doubt on Defendant's Guilt:</u>**

As to the specific allegations contained in the indictment returned against Mr. Jarrett, Defendant requests the following information, which is exculpatory under the principles articulated in <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), <u>United States v. Agurs</u>, 427 U.S. 97, 106 (1976) and progeny.  Defendant requests that the government review all witness statements

and grand jury testimony, among other evidence, for purposes of determining whether there exists any evidence satisfying the following specific requests:

1.      Any evidence tending to show that Mr. Jarrett has no knowledge that Michael Bergdoll ("Bergdoll"), Petropolous and/or any other co-conspirator purchased distressed properties located within low-income neighborhoods and engaged in a practice known as "land flipping."

2.      Any evidence tending to show that Mr. Jarrett had no knowledge of the activities of individuals described in the indictment as "runners" to recruit prospective buyers and to pay finders fees averaging approximately $2,000.00/buyer.

3.      Any evidence tending to show that Mr. Jarrett did not represent to prospective buyers that they would not have to make down payments to purchase property.

4.      Any evidence tending to show that Mr. Jarrett or any of the other co-conspirators did not promise or pay prospective buyers money back at real estate closings for the flipped properties.

5.      Any evidence tending to show that Mr. Jarrett or other co-conspirators did not generate or process fraudulent loan applications or otherwise falsify documentation in order to obtain loans from Equicredit.

6.      Any evidence tending to show that Mr. Jarrett or the other co-conspirators did not generate false and fraudulent documentation that prospective buyers had made down payments that were never really made.

7.      Any evidence tending to show that Mr. Jarrett or the other co-conspirators did not generate false and fraudulent income information that artificially inflated the true income of prospective buyers.

8.      Any evidence tending to show that Mr. Jarrett or the other co-conspirators did not generate false and fraudulent documentation to show improvements to properties that were never made.

9.      Any evidence tending to show that Mr. Jarrett or the other co-conspirators did not generate "bogus second mortgages," as described in the indictment to assist in securing loans from Equicredit or other lending institutions.

11.     Any evidence tending to show that Mr. Jarrett or the other co-conspirators did not create false and fraudulent appraisals and use those appraisals to support the loan amounts for artificially inflated properties.

12.     Any evidence tending to show that Mr. Jarrett or the other co-conspirators did not receive "incentive payments" such as cash or hidden interest, in real estate deals.

13.     Any evidence tending to show that Mr. Jarrett had no knowledge that Attorney Albert Innarelli ("Innarelli") was generating false and fraudulent real estate closing documentation to facilitate and conceal the fraud.

14.     Any evidence tending to show that Mr. Jarrett did not know that Innarelli received incentive payments such as cash or hidden interest, in real estate.

Respectfully Submitted,

THEODORE JARRETT
By his Attorneys,

/s/ William H. Kettlewell
_____
Maria R. Durant (BBO No. 558906)
William H. Kettlewell (BBO No. 270320)
Dwyer & Collora, LLP
600 Atlantic Ave.
Boston, MA 02210-2211
(617) 371-1000

Dated:  June 10, 2005

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 116.3(F)</u>

The undersigned counsel hereby certifies that a good faith attempt was made to eliminate and narrow the issues raised in this motion through calls with the Assistant U.S. Attorney assigned to this case prior to filing this motion.

/s/ William H. Kettlewell

_____

William H. Kettlewell

Dated:  June 10, 2005