UNITED STATES DISTRICT COURT

DISTRIST OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-30046-MAP |
| THEODORE JARRETT, et al. | ) ) | |
| _____ | ) | |

**DEFENDANT JARRETT'S CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF MOTIONS FOR FURTHER DISCOVERY**

Defendant Jarrett respectfully submits this Memorandum of Law in Support of his Motion for Further Discovery of Information Required Under Rule 16, Motion For Further Discovery of Exculpatory Information and Material, Motion for Discovery of 404(b) Material, and Motion for Discovery of Expert Witness Information ("Discovery Motions").

**PROCEDURAL HISTORY**

On September 2, 2004, Defendant Jarrett and nine other individuals were indicted for wire fraud (18 U.S.C. §§ 1343) and conspiracy to launder money (18 U.S.C. §§ 1956(h) and 1957) in connection with an alleged "land-flipping" scheme in the Springfield, Massachusetts area. On October 7, 2004, pursuant to Rule 116.1(B) of the Local Rules for the District of Massachusetts ("Local Rules'), Defendant Jarrett notified the government in writing of his intention not to waive discovery, and requested production of all automatic discovery and all discovery authorized by Federal Rule of Criminal Procedure 16("Rule 16")(a)(1)(A)-(D). The government responded to Defendant Jarrett's request, producing some statements and prior records of various defendants, and information related to certain search warrants, inventories and applications. On October 14, 2004, the government provided additional automatic discovery

-1-

information, including the names of known, un-indicted co-conspirators, and limited exculpatory information regarding promises, rewards and inducements.

On November 5, 2004, pursuant to Local Rule 116.3(A), Mr. Jarrett served specific and timely discovery requests on the government. Among other requests, Mr. Jarrett's letter sought: (A) information under Federal Rule of Criminal Procedure 16 that was either not provided or provided without sufficient specificity to allow Mr. Jarrett adequately to prepare for trial, including defendants' statements, reports of examinations and tests, search materials, and consensual interceptions; (B) exculpatory information pursuant to Local Rule 116.2(B)(1) regarding promises, rewards and inducements; (C) exculpatory information pursuant to Local Rule 116.2(B)(2), tending to cast doubt on the admissibility, credibility or accuracy of evidence the government anticipates offering in its case-in-chief; (D) specific evidence casting doubt on Mr. Jarrett's guilt; (E) evidence of "bad acts" under Federal Rule of Evidence 404(b); (F) expert witness information; and (G) particulars of the allegations in the indictment. To date, the government has not provided all of this information, or has provided it without sufficient specificity to allow Mr. Jarrett adequately to prepare for trial.

On April 14, 2005, the Court ordered the government to provide copies of any outstanding documents requested "forthwith" and directed that all discovery motions be filed on or before June 10, 2005. (Interim Sched. Ord. Apr. 14, 2005). Mr. Jarrett has moved for immediate discovery of information required under Rule 16, exculpatory information and material, evidence of bad acts under Federal Rule of Evidence 404(b), and expert witness information. All of the information sought by Mr. Jarrett in his Discovery Motions was first requested in his letter of November 5, 2004. For the reasons set forth in this Memorandum, the

Court should grant Mr. Jarrett's Discovery Motions and order the government to provide the information sought therein.

## ARGUMENT

### I. The Government Must Produce All Information Required Under Rule 16

Local Rule 116.1 provides that the government must disclose certain information to any defendant who does not waive automatic discovery pursuant to subsection (B) of that Rule. Specifically, the Local Rule provides that within twenty-eight days of arraignment or within fourteen days of notice by the government that no waiver will be filed, the government *must produce* to the defendant all of the information the defendant is entitled to under Federal Rule of Criminal Procedure 16(a)(1)(A)-(D), as well as certain other information related to search materials, electronic surveillance, consensual interceptions, un-indicted coconspirators, and identifications. D. Mass. L.R. 116.1(C)(1). This information "must be disclosed . . . without formal motion practice." D. Mass. L.R. 116.1(A)(1).

In his Motion for Further Discovery of Information Required under Rule 16, Mr. Jarrett requests discovery of any statements attributed to him or any other co-conspirator within the meaning of Rule 16(a)(1)(A) (other than those described in the government's October 14, 2004 automatic discovery letter); any reports of any examinations, tests or experiments that were made or became available subsequent to the government's discovery letters, pursuant to Rule 16(a)(1)(D); search materials under Local Rule 116.1(c)(1)(b), including a statement with respect to whether the government intends to use of any of the seized materials as evidence against Mr. Jarrett at the trial of his case; and documents relating to the audio recordings produced on March 10, 2005.

The government was obligated to produce this information to Mr. Jarrett on or about October 25, 2004, fourteen days after Defendant Jarrett notified the government that he would not file a waiver. See D. Mass. L.R. 116.1(C)(1). In addition, Mr. Jarrett specifically requested discovery of these materials by letter on November 5, 2004. Pursuant to the Court's April 14, 2005 Order, the government must provide copies of any outstanding documents requested "forthwith." As such, Defendant Jarrett's Motion regarding information under Rule 16 should be granted, and the Court should order the government to produce all discoverable information in its possession custody or control.

## II. Mr. Jarrett Is Entitled to Further Discovery of Exculpatory Information and Material

Local Rule 116.2 requires the government to produce all exculpatory information, which "includes, but may not be limited to, all information that is material and favorable to the accused because it tends to:

(1) Cast doubt on the defendant's guilt as to any essential element in any count in the indictment or information;

(2) Cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief, that might be subject to a motion to suppress or exclude, which would, if allowed, be appealable pursuant to 18 U.S.C. § 3731;

(3) Cast doubt on the credibility or accuracy of any evidence that the government anticipates offering in its case-in-chief; and

(4) Diminish the degree of the defendant's culpability or the defendant's Offense Level under the United States Sentencing Guidelines.

D. Mass. L.R. 116.2(A). Such information includes "information known to or available to" the government which "does not fit into [its] narrative, or which contradicts the evidence used to

support that narrative, or which may diminish the credibility of the evidence relied on to tell the story." United States v. McVeigh, 954 F. Supp. 1441, 1449 (D. Col. 1997).

In his Motion for Further Discovery of Exculpatory Evidence, Mr. Jarrett has renewed his previous written request for exculpatory information pursuant to Local Rule 116.2. Under Local Rule 116.2(B)(1)(a) and (c), information that would tend to negate defendant's guilt, and information regarding promises, rewards or inducements given to any witness that the government anticipates calling in its case-in-chief must be produced within twenty-eight days of arraignment or fourteen days of Defendant's notice to the government that it will not file a waiver. Accordingly, the government must immediately provide to Mr. Jarrett the information requested regarding any promises, rewards or inducements given to Beals, Petropolous, or any other witness (see Requests A(1) – (5)), and any information responsive to Mr. Jarrett's specific requests for evidence casting doubt on his guilt (see Requests C(1) – (14)), which is exculpatory under the principles articulated in Brady v. Maryland, 373 U.S. 83, 87 (1963), United States v. Agurs, 427 U.S. 97, 106 (1976) and progeny.

Mr. Jarrett also requests exculpatory information under Local Rule 116.2(B)(2). (See Requests B(1) – (7)). The evidence sought was requested by letter over seven months ago, relates to the impeachment of government witnesses, is exculpatory under Brady, and must be produced "forthwith." Although the Local Rule provides that the government must sua sponte produce the information not later than twenty-one days before trial, the government is constitutionally required to provide exculpatory and impeachment material immediately *upon demand of a defendant*, even if made far in advance of trial, without regard to its "materiality." See, e.g., United States v. Owens, 933 F.Supp. 76, 84-85 (D. Mass. 1996)(exculpatory material required to be disclosed under Brady is not limited to material tending to show that defendant is

innocent but extends to material appropriate for cross-examination of government witness)(Young, J.); United States v. Snell, 899 F.Supp. 17, 23(D. Mass. 1995)(obligation of prosecution to turn over exculpatory information under Brady includes requirement to turn over evidence of impeachment evidence, which directly affects defense counsel's ability to cross-examine and defendant's right to confront witnesses)(Gertner, J.).  Further, if an item of exculpatory information falls in more than one category, "it shall be deemed for the purposes of determining whether it must be produced to fall into the category which requires the *earliest* production."  D. Mass. L.R. 116.2(B)(5)(emphasis added).  The impeachment evidence Mr. Jarrett requests bears directly on his ability to cross-examine the government's witnesses, is exculpatory evidence under Brady, and must be produced upon Defendant's Motion, filed herewith.

### III.     The Court Should Order Disclosure of 404(b) Materials

Federal Rule of Evidence 404(b) requires the government to disclose "in advance of trial . . . the general nature of any such evidence it intends to introduce at trial."  Local Rule 117.1 provides that the disclosure of Rule 404(b) materials shall occur *no later than* twenty-one days before the trial date.  D. Mass. L.R. 117.1(A)(4)(b)(emphasis added).  The Local Rule merely provides the latest date for such disclosures, and the Court retains the inherent power to do what is necessary and proper to conduct its judicial business in a satisfactory manner.  In re Villa Marina Yacht Harbor, Inc., 984 F.2d 546, 548 (1st Cir. 1993), cert. denied, 510 U.S. 818.  Among other charges, the indictment in this matter charges ten different defendants with sixty-two counts of wire fraud and lists eleven overt acts in furtherance of a conspiracy to launder money.  In a complex multiple-defendant case such as this one, Rule 404(b) evidence could have significant and dramatic consequences on trial preparation and trial.  Where, as here, Defendant

Jarrett will raise the defense of good faith, the existence or non-existence of Rule 404(b) evidence against him or another co-conspirator is integral to the preparation of his defense. Accordingly, the Court should order the government to immediately produce any outstanding 404(b) material regarding Mr. Jarrett, or any indicted or un-indicted co-conspirator, including but not limited to Beals and Petropolous.

### IV.     The Government Must Produce Expert Witness Information.

Rule 16(a)(1)(G) provides that, at the defendant's request, the government must produce information related to any testimony that it intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence. Local Rule 116.5 dictates that the Court establish what date by which the government must respond to that request, and what date should be established for reciprocal discovery from the defendant. D. Mass. L.R. 116.5(A)(2). Mr. Jarrett requests that the Court grant Defendant's Motion for Discovery of Expert Witness Information and set the corresponding dates. In view of the Court's April 14, 2005 Order that the government produce outstanding documents "forthwith," Mr. Jarrett requests that Court order disclosure of experts as soon as practicable.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant Jarrett's Discovery Motions and order the government to produce all information requested therein.

Respectfully Submitted,

THEODORE JARRETT
By his Attorneys,


/s/ William H. Kettlewell
_____
Maria R. Durant (BBO No. 558906)
William H. Kettlewell (BBO No. 270320)
Dwyer & Collora, LLP
600 Atlantic Ave.
Boston, MA 02210-2211
(617) 371-1000

Dated:  June 10, 2005