UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR-N-04-30046-MAP |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THEODORE JARRETT, et al., | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANT JARRETT'S DISCOVERY MOTIONS**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this consolidated response to defendant Jarrett's discovery motions as follows:

I. **Further Discovery Under Rule 16(a)(1)(A)**

   1. <u>Statements of the Defendant</u>

   The Government objects to this request as overly broad. On its face, Rule 16 only requires the production of oral statements made by the defendant in response to interrogation to persons "<u>then known by the defendant to be law enforcement officers</u>." The defendant's request exceeds the scope of Rule 16 because it ignores the interrogation element of Rule 16, and the

requirement that the defendant make the oral statements to persons then known to the defendant to be law enforcement officers.

First Circuit law also clearly supports such a reading of Rule 16(a)(1)(A). See United States v. Burns, 15 F.3d 211, 214 (1st Cir. 1994)(holding that Rule 16(a)(1)(A) limited to discovery of defendant's oral statements to law enforcement agents or persons acting on behalf of law enforcement). Moreover, every other circuit that has addressed this issue has found a distinction between statements to law enforcement officers and statements to non-law enforcement officers. United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987); United States v. Mayberry, 896 F.2d 1117, 1122 (8th Cir. 1990); United States v. Rivera, 6 F.3d 431, 444 (7th Cir. 1993); United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987).

To the extent the defendant is requesting early Jencks, the Government opposes this request. The Jencks Act, which controls the discovery of witness statements, does not require the Government "to produce the prior statements of its prospective witnesses until after their direct examination." United States v. Bello-Perez, 977 F.2d 664, 670 (1st Cir. 1992)(citing United States v. Arboleda, 929 F.2d 858, 862-63 (1st Cir. 1991). See also United States v. Tejeda, 974 F.2d 210, 217 (1st Cir. 1992)(the Jencks Act "authorizes the government to withhold the recorded

2

statements of a prospective witness until the witness completes his direct testimony.").

The First Circuit has squarely held that "[a] court may not compel the disclosure of statements of government witnesses before the conclusion of their direct testimony." United States v. Grandmont, 680 F.2d 867, 874 (1st Cir. 1982). Such a court would be "acting beyond his [or her] authority" if a court ordered disclosure of all Jencks prior to trial. Id. at 874.

Every circuit that has addressed this issue also has held that a district court does not have the authority to order the government to disclose witness statements earlier than statutorily required under the Jencks Act. See In re United States of America, 834 F.2d 283, 284-87 (2nd Cir. 1987)(district court has "no inherent power to modify or amend the provisions of the [Jencks] Act."); United States v. Lewis, 35 F.3d 148, 151 (4th Cir. 1994)(stating that "[t]he district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified."); United States v. McKenzie, 768 F.2d 602, 608 (5th Cir. 1985), cert. denied, 474 U.S. 1006 (1986)(stating that "[t]he trial court cannot compel disclosure of Jencks material at any earlier point."); United States v. Presser, 844 F.2d 1275, 1282-85 (6th Cir. 1988)(stating that district court "overstepped its authority" when it ordered early disclosure of impeachment evidence covered by the Jencks

Act.); United States v. Callahan, 534 F.2d 763, 765-66 (7th Cir.), cert. denied, 429 U.S. 830 (1976)(district court has no authority to order early disclosure of Jencks Act materials); United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986), cert. denied, 479 U.S. 1094 (1987)(a magistrate judge's discovery order requiring early production of Jencks held "inconsistent with the express provisions of the Jencks Act and therefore unenforceable."); United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988)(courts may not disregard that the Jencks Act "supplies the only avenue to" witness statements, and those statements "which cannot be produced under the terms of 18 U.S.C. §3500 . . . cannot be produced at all.").

Finally, regarding co-conspirator statements specifically, virtually every circuit that has considered this issue has held that co-conspirator statements are not discoverable under Rule 16. See In re United States of America, 834 F.2d 283, 284-87 (2nd Cir. 1987)(co-conspirators' statements not discoverable under Rule 16); United States v. Percevault, 490 F.2d 126, 129-32 (2nd Cir. 1974)(co-conspirators' statements not discoverable under Rule 16), foll'd, United States v. Scotti, 47 F.3d 1237, 1239 (2nd Cir. 1995)(court cannot compel pretrial production of Jencks material); United States v. Tarantino, 846 F.2d 1384, 1418 (D.C. Cir. 1988).

The Government will discover any reports of investigating officers that memorialize interviews with non-law enforcement

4

witnesses who the Government intends to call in its case-in-chief in accordance with <u>Jencks</u>, <u>Brady</u>/<u>Giglio</u>, relevant statutes and procedural rules, applicable caselaw, and the Local Rules.

2. **Reports of Examinations and Tests**

The Government has no objection to this request.

3. **Search Materials**

The Government presently intends to offer the computerized check register, the IOLTA bank statements, the IOLTA cancelled checks, and closing files from the Innarelli search warrant. At this time, the Government does not have a present intent to admit any other evidence.

The defendant, however, should be prepared to move to suppress any and all evidence seized from all search locations. If and when the case gets closer to trial, the Government will be reviewing all of the search materials and possibly will include more search materials in a potential exhibit list.

4. **Consensual Interceptions**

The Government objects to this request except as it relates to items c. and d. There are no surveillance logs, and there are not pen registers in this case.

First, defendant Jarrett cites no legal basis for production of these items. Second, the documents are protected by the work product privilege. <u>See</u> Rule 16(a)(2). Third, the reports are not discoverable under Rule 16. As addressed in Paragraph A.1., the

Government will discover any reports of investigating officers that memorialize interviews with non-law enforcement witnesses who the Government intends to call in its case-in-chief in accordance with Jencks, Brady/Giglio, relevant statutes and procedural rules, applicable caselaw, and the Local Rules.

II. **Further Discovery of Exculpatory Information**

A. Exculpatory Information Pursuant to Rule 116.2(b)(1)

The Government does not object to this request generally. The Government, however, does object to the production of reports for the same reasons articulated in Paragraph A.1.

Regarding Request 1, the Government has one letter regarding Mr. Beals that it intends to produce. The Government inadvertently did not produce the letter earlier, and will do so forthwith.

Regarding Request 2, neither Mr. Beals nor Mr. Petropolous have received any money. The Government believes that it already disclosed relocation money for Mr. Murty.

Regarding Request 3, there have been no promises of leniency or declinations of prosecution for any blood or marital relatives of any cooperating witness.

Regarding Request 4, the Government simply does not understand this request.

Regarding Request 5, there have been no threats.

6

B. <u>Exculpatory Information Pursuant to Rule 116.2(A)(2)</u>

The Government generally does not oppose providing the categories of information requested, assuming they exist. However, the Government objects to creating any "statement" for the defendants, the breadth of some of the requests, and objects to disclosing this information more than twenty-one days before trial.

The Government is under no obligation to generate and create "statements" for the defendant. If the Government has relevant, material impeachment information in it possession, it will disclose that information consistent with the Supreme Court's decisions in <u>Brady/Giglio/Kyles</u>.

The Government also objects to some of the requests as overly broad because the requests ignore the materiality requirement of the Supreme Court's decisions in <u>Brady/Giglio/Kyles</u>. For example, Request Nos. 3 and 4 place no limitation on the materiality of any inconsistent statements.

Finally, the Government objects to any early production of impeachment information. The problem with the defendant's interpretation of exculpatory evidence under Local Rule 116.2 is that the defendant <u>ignores</u> the fact that Local Rule 116.2 explicitly establishes two different time frames for disclosure of exculpatory information by the Government. The Local Rules divide exculpatory evidence into two categories. One category, which can

be found at Local Rule 116.2(B)(1)(c), requires discovery within twenty-eight days of arraignment or within fourteen days of a written statement that no Waiver will be filed.

The second category of exculpatory evidence, which is the more traditional, <u>Giglio</u>-type impeachment information can be found at Local Rule 116.2(B)(2). Local Rule 116.2(B)(2) requires production of these materials no later than twenty-one days before the trial date. The Government has no dispute with the definition of exculpatory evidence as contained in Local Rule 116.2(A).

The Government will produce impeachment information in accordance with <u>Jencks</u>, <u>Giglio</u>, relevant statutes and procedural rules, applicable caselaw, and the Local Rules. To the extent that the defendant seeks discovery beyond that enumerated above, the Government opposes the motion.

### C. <u>Specific Request for Evidence Casting Doubt</u>

The Government has produced the one witness interview in which an individual suggested that defendant Jarrett may not have had knowledge of the land-flipping scheme. The Government does not know of any other similar witness statements, but will re-review those reports for the specific requests set forth by defendant Jarrett.

### III. **Motion for Discovery of Rule 404(b) Material**

The Government does not oppose this request. The Government previously informed the defendant that it intended to admit

evidence of his involvement in the 39 Eldridge Street property in its case-in-chief. All of the documents related to that transaction have been available for review, and the Government believes that defendant Jarrett copied those documents. If the defendant construes that property transaction as Rule 404(b) evidence, then he has all of the relevant information requested.

### IV. Disocovery of Expert Witness Information

The Government generally does not oppose this request. The Government does not intend to call any experts at this time. However, if the defendants call experts, or the nature of any defenses presented requires expert testimony, then the Government may change its position, but of course will abide by its continuing duty to disclose under Rule 16.

Filed this 24th day of June, 2003.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

*William M Welch II / is*
WILLIAM M. WELCH II
Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.  Springfield, Massachusetts
June 24, 2005

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

All counsel of record

                                */s/ William M. Welch II*
                                WILLIAM M. WELCH II
                                Assistant United States Attorney