UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-30046-MAP |
| ) | |
| THEODORE JARRETT, et al. ) | |
| _____) | |

### DEFENDANT JARRETT'S MEMORANDUM OF LAW
### REGARDING CALCULATION OF LOSS

**I.   INTRODUCTION**

The issue for the court is what methodology to employ to calculate the loss for purposes of sentencing multiple co-defendants that have pleaded guilty to various counts of wire fraud (18 U.S.C. §§ 1343 and 2) and conspiracy to launder money (18 U.S.C. §§ 1956(h) and 1957). Defendant Jarrett respectfully submits that the Court must not and can not determine a global loss methodology, as – even before applying departures or enhancements – the amount of loss is necessarily an individualized determination that will vary for each defendant for at least three reasons.  First, the Guidelines direct the sentencing court to use the higher of the actual or intended loss, which of course varies according to the intent of each defendant.  Thus, the correct measure of loss will be the actual loss for some defendants and intended loss for others.  Second, the total offsets for collateral pledged and other amounts recouped by the lenders depend on the point at which the "offense was discovered" by each defendant.  Finally, the loss attributable to each defendant depends on the scope of each co-defendant's relevant conduct, which may be more or less extensive than the conduct charged.  See U. S. S. G. § 1B1.3. In short, rather than

-1-

apply a single standard of loss calculation, the Court must decide the loss for each defendant individually, as contemplated by the Guidelines, <u>Booker</u> and 18 U.S.C. § 3553.  <u>See, e.g.</u>, <u>U.S. v. Pizarro-Berrios</u>, 448 F.3d 1, 7 (1st Cir. 2006)(in cases involving a jointly undertaken criminal activity, a district court must make an individualized determination regarding the amount of loss attributable to, or reasonably foreseeable by a particular defendant).[1]

## II.     CATEGORIES OF LOANS

There are four basic categories of loans at issue in this case:  (1) loans that have been performing since the application was granted and are still performing today, resulting in no financial loss to the bank;  (2) loans that performed until the property was sold by the mortgagee, resulting in no financial loss to the bank; (3) loans that have defaulted, causing the property to be deeded to the bank and resold (sometimes at a value lower than the full loan amount); and (4) loans that were foreclosed upon by the bank, resulting in a sale by the bank of the property for some amount lower than the full loan amount.  Because the co-defendants entered and exited the scheme at different times, each one was charged with and pleaded guilty to offenses regarding a different subset of loans.

## III.    INTENDED VS. ACTUAL LOSS

The Court should not determine actual or intended loss as a theoretical matter.  Under the Guidelines, "actual loss" is "the reasonably foreseeable pecuniary harm that resulted from the offense."  U. S. S. G. § 2B1.1, cmt. n.3(A)(i).  Intended loss is "the pecuniary harm that was intended to result from the offense," including the intended pecuniary harm that would have been impossible or unlikely to occur.  U. S. S. G. § 2B1.1,  cmt. n.3(A)(ii).  With respect to "intended loss," the First Circuit has recently explained that, "a person is presumed to have generally intended the natural and probable consequences *of his or her actions*" and that the intended loss

---

[1] Defendant Jarrett has analyzed the issues applying the November 1, 2001 version of the Guidelines.

includes all losses reasonably foreseeable to a defendant.  U.S. v. Alli, 444 F.3d 34, 38 (1st Cir. 2006)(emphasis added).  The Guidelines advise that the Court should apply the loss that is "the greater of actual loss or intended loss."  U. S. S. G. § 2B1.1, cmt. n.3(A).  Because intended loss will vary with each defendant, whether the greater loss amount is intended or actual also varies with each defendant.  Thus the court cannot apply one standard to all defendants; the determination whether to use the intended or actual loss must be made on a defendant-by-defendant basis.

    **IV.**    **CREDIT FOR COLLATERAL AND OTHER AMOUNTS RECOUPED**

The Guidelines explicitly direct that the amount of loss *shall be reduced* by:

> (i) The money returned, and the fair market value of the property returned and the services rendered, by the defendant or other persons acting jointly with the defendant, to the victim before the offense was detected.
>
> (ii) In a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing.

U.S.S.G. § 2B1.1, cmt. n.2(E).  See also  U.S. v. Bennett  37 F.3d 687, 695 (1st Cir. 1994) (holding under predecessor guideline § 2F1.1, that the amount of loss attributable to a bank fraud defendant is (1) "the amount of the illegal loans (i.e., those for which [the defendant] was convicted), plus (2) the amount of the loans constituting relevant conduct, less (3) the amount of the loans in 1 and 2" repaid as of the time the offense was discovered, less (4) the amount the lender has "recovered (or can expect to recover) from any assets pledged to secure the loans in 1 and 2" (i.e., collateral)).

Collateral is considered in determining both actual loss, see, e.g., U.S v. Ellis, 152 Fed. Appx. 298 (4th Cir. 2005) and U.S. v. Rothberg, 954 F.2d 217 (4th Cir.1992), and intended loss, see, e.g., U.S. v. Weidner, 437 F.3d 1023 (10th Cir. 2006) and U.S. v. McCormac, 309 F.3d 623

(9th Cir. 2002). The idea that collateral should be considered as part of the intended loss is consistent with the First Circuit's recent definition of intended loss: all losses reasonably foreseeable to a defendant. Alli, 444 F.3d at 38. In fact, the only circumstances in which collateral should *not* be an offset is when the government proves that the defendant intended to deprive the victim of the collateral, such as when a defendant pledges worthless collateral to secure a fraudulent loan and had absolutely no intention of paying it back. See, e.g., U.S. v. Cooley, 68 Fed. Appx. 804, 806 (9th Cir. 2003) (the Court refused to credit collateral pledged against some of the loans because it found that the collateral was itself part of the fraudulent scheme and not intended to reduce the amounts defrauded).

In addition to reducing the amount of loss by the amount of collateral pledged, the Application notes provide for an offset for any money returned or the fair market value of property returned to victim *before the offense was detected*. See U. S. S. G. § 2B1.1, cmt. n.3(E). "The time of detection of the offense is the earlier of (I) the time the offense was discovered by a victim or government agency; or (II) the time defendant knew or reasonably should have known that the offense was detected or about to be detected by a victim or government agency." Id. This again will vary for each defendant, depending on the subset of loans for which the defendant is held responsible, and whether the amounts recouped were "reasonably foreseeable" to the defendant. Where they are reasonably foreseeable to the defendant, any amounts recouped from foreclosure sales are deducted from the loss. See U.S. v. Madrigal 2006 WL 535956 at *1 (9th Cir. March 3, 2006)("the price received for the sale of each of the foreclosed properties was subtracted in calculating the loss associated with each foreclosed mortgage loan").

## V. RELEVANT CONDUCT

Finally, it is important to emphasize that "the scope of [relevant] conduct for which a defendant can be held accountable under the sentencing guidelines is *significantly narrower* than the conduct embraced by the law of conspiracy." United States v. Patriarca, 912 F. Supp. 596, 605 (D. Mass. 1995)(emphasis added)(quoting United States v. Lanni, 970 F.2d 1092, 1093 (2d Cir. 1992)). "This is true because the broader aspect of conspiracy law, permitting conviction of a defendant who knew some but not all aims of the conspiracy applies only to conviction for the conspiracy offense itself, and not to vicarious liability for substantive offenses committed by a coconspirator." Patriarca, 912 F. Supp. at 605 (quoting Lanni, 970 F.2d at 1093)(internal quotation marks omitted). Accord United States v. Hernandez, 218 F.3d 58, 71 (1st Cir. 2000)("a defendant is not automatically saddled with the full weight of the conspiracy's wrongdoing")(quoting U.S. v. Sepulveda, 15 F.3d 1161, 1196 (1st Cir. 1993)). For instance, "[a] defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." U. S. S. G. § 1B1.3, cmt. n.2. Rather, for sentencing purposes, "the court is required to make an individualized finding as to [the conduct] attributable to, or foreseeable by, *that* defendant." United States v. Colon-Solis, 354 F.3d 101, 103 (1st Cir. 2004)(emphasis added). See also U.S.S.G. § 1B1.3.

Courts have interpreted § 1B1.3(a)(1)(A) to apply only with respect to those specific acts or events in which a defendant performs personally, and not conduct committed by others, even if performed as part of a unitary scheme or plan. United States v. Gutierrez-Herrera, 293 F.3d 373, 376 (7th Cir. 2002)(subsection (1)(A) limited to situations where defendant "*personally* committed the wrongful act")(emphasis in original); United States v. Strange, 102 F.3d 356, 360

(8th Cir. 1996) (subsection (1)(A) "appertains to conduct personally undertaken by the defendant being sentenced"). See also United States v. LaCroix, 28 F.3d 223, 227, n.3 (1st Cir. 1994)(suggesting in dicta that subsection (1)(A) is limited to acts "personally performed" by defendant); United States v. Astronomo, 183 F. Supp.2d 158, 166 (D. Mass. 2001)(defendant responsible for "own acts" under subsection (1)(A)).

## VI.    CONCLUSION

For the foregoing reasons, Defendant Jarrett respectfully submits that the Court should not and can not pre-determine a global loss methodology, and must apply the Guidelines and other factors listed in 18 U.S.C. § 3553 to each individual defendant as contemplated by the principles enunciated therein.

    Respectfully Submitted,

    THEODORE JARRETT
    By his Attorneys,

    /s/ William H. Kettlewell
    _____

    Maria R. Durant (BBO No. 558906)
    William H. Kettlewell (BBO No. 270320)
    Dwyer & Collora, LLP
    600 Atlantic Avenue
    Boston, MA 02210-2211
    (617) 371-1000

Dated:  July 28, 2006