UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>THEODORE JARRETT, et al.   )<br>_____) | CRIMINAL NO. 04-30046-MAP |

### DEFENDANT JARRETT'S
### MOTION FOR ORDER DECLARING HIM FINANCIALLY ELIGIBLE
### FOR APPOINTMENT OF COUNSEL

Defendant Theodore Jarrett ("Mr. Jarrett") hereby moves the Court for an order declaring him financially eligible for appointment of counsel. Mr. Jarrett was sentenced on October 6, 2006 and the Government has appealed his sentence. As demonstrated below, Mr. Jarrett is financially unable to afford legal representation and wishes to seek appointment of counsel to represent him on appeal.

In support of his Motion, Mr. Jarrett states:

1. Mr. Jarrett was charged with multiple counts of wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to launder money in violation of 18 U.S.C. § 1956(h) and 1957.

2. On May 4, 2006, Mr. Jarrett appeared with the undersigned counsel and pleaded guilty to two counts of wire fraud and one count of money laundering.

3. On October 6, 2006, the United States filed the Government's U.S.S.G. § 5K1.1 Motion for Theodore Jarrett, recommending a downward departure based on Mr. Jarrett's substantial assistance. Mr. Jarrett also moved for further departure based on, among other things, his extraordinary familial responsibilities.

4. Mr. Jarrett was sentenced on October 6, 2006. The Court departed downward, citing both Mr. Jarrett's substantial assistance and his familial responsibilities, and sentenced him to a term of twenty-four (24) months home detention with electronic monitoring and four (4) years supervised release. The Court further ordered, *inter alia*, that Mr. Jarrett pay restitution of fifty thousand dollars ($50,000) in full prior to the conclusion of his supervision and that he is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the U.S. Probation Department while his restitution obligation remains outstanding.

5. Undersigned counsel represented Mr. Jarrett through all phases of his criminal proceeding, from pre-indictment to sentencing in the district court from approximately April 2003 to the present. Mr. Jarrett has been unable to pay for undersigned counsel's legal services since August 2006, but has asked undersigned counsel to continue representing him on appeal.

6. Mr. Jarrett is unable to afford legal representation. Including his obligation to fulfill the restitution order of fifty-thousand dollars ($50,000), Mr. Jarrett has outstanding debt of over two hundred eighty-four thousand dollars ($284,000). Mr. Jarrett is a single parent to his developmentally delayed son, Michael, who lives with him. Mr. Jarrett is able to work during the term of home detention, earning approximately five hundred dollars ($500) per month in a commission-based sales position. In light of his outstanding obligations, he is unable to pay for private counsel to represent him on appeal. See Form CJA 23, filed separately by hand and not served on the Government.

7. The Criminal Justice Act ("CJA") provides that counsel *shall be* appointed for any financial eligible person who faces the loss of liberty in a case. See 18 U.S.C. § 3005(i)(emphasis added). The Government's appeal of Mr. Jarrett's sentence exposes him to the risk of incarceration and a substantial loss of liberty, beyond that which he has already lost.

8. Mr. Jarrett will request counsel in the First Circuit Court of Appeals pursuant to Local Rule 46.5.

## CONCLUSION

For the forgoing reasons, Mr. Jarrett requests that the Court issue an order declaring him financially eligible for appointment of counsel so that he may seek such appointment from the Court of Appeals.

Respectfully Submitted,

THEODORE JARRETT

By his Attorneys,

*/s/ Maria R. Durant*

Maria R. Durant (BBO No. 558906)
William H. Kettlewell (BBO No. 270320)
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, MA 02210-2211
(617) 371-1000

Dated: December 13, 2006.

## CERTIFICATE OF SERVICE

I, Maria R. Durant, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 13th day of December, 2006.

*/s/ Maria R. Durant*

Maria R. Durant